## Teplitz Trust

*Eugene B. Strassburger,* for accountant.

*Nathan H. Leventon* and *Abe R. Cohen,* for Jewish Home and Hospital for Aged.

*Herbert C. Sheinberg* and *Frederick N. Frank,* for Jewish Family and Children's Service.

*Alan H. Sperling,* for Jewish Home for Babies and Children Fund, Inc.

*Janet Moschetta,* for Commonwealth.

BOYLE, *J.*, December 16, 1975—The first and partial account of the trustee under the will of Benjamin H. Teplitz, deceased, is before the court for audit. One of the questions to be determined is whether the directions in the will of testator admit of a present distribution of the sum of $100,000 from the principal of the trust to the Jewish Home and Hospital for the Aged at Pittsburgh. The other question to be determined is the disposition of the part of the income which testator provided for the Jewish Home for Babies and Children.

Benjamin H. Teplitz, a well-known member of the Allegheny County bar, signed his will on June 2, 1961. Two codicils thereto were signed on December 12, 1961, and December 14, 1961, respectively. Testator died on February 14, 1962. The will and codicils were duly admitted to probate and letters testamentary were granted to Esther F. Teplitz, decedent's sister. Upon conclusion of the administration, the remaining balance of the estate was awarded on June 17, 1966, by decree of court to the Pittsburgh National Bank, the testamentary trustee. The trustee administered the estate and paid the net income to testator's mother, Rosa Teplitz, until her death on November 11, 1967. Thereafter, as directed by testator, the income was paid to Esther F. Teplitz until her death on June 15, 1974.

Accumulations of income are provided for in the bequests to the Jewish Home and Hospital for the Aged and the Jewish Home for Babies and Children. There is no direction for distribution of any part of the principal of the trust.

By virtue of section 1 of the Charitable Instruments Act of June 17, 1971, P.L. 181, 10 P.S. §201(1), testator's will is deemed to require dis-

tributions so as to avoid tax under section 4942 of the Internal Revenue Code of 1954, as supplemented by the Tax Reform Act of December 30, 1969, 83 Stat. 502. The trustee proposes to distribute the income annually to the named beneficiaries in order to avoid the tax penalties which may arise from accumulation of income.

At the audit, the Jewish Home and Hospital for the Aged (formerly the Jewish Home for the Aged) presented its petition asking the court to accelerate the distribution of its share of the trust by awarding to it now the sum of $100,000 from the principal of the trust to be applied for the same purpose for which testator directed the income to be accumulated and applied, viz. to create one fund of $50,000 of accumulated income "to be used to construct an addition to the Home . . . to be known as 'The Philip and Rosa Teplitz Memorial'," and a second fund of $50,000 of accumulated income to be paid to the Home ". . . to build a similar addition or building to the Home known as 'The Abraham and Anna Teplitz Horowitz Memorial' . . ."

After providing for the two $50,000 memorials from accumulated income, testator provided that the aforesaid 80 percent of the income of the trust should be used to purchase medical and surgical supplies and other equipment ". . . needed for the healing of the aged sick."

On December 1, 1975, the Attorney General of the Commonwealth of Pennsylvania filed a statement setting forth that he does not oppose the petition of the home for the accelerated distribution to it of $100,000 from the principal of the trust.

In the case at bar, the court is being asked to distribute nearly one-half of the principal of the

trust estate which testator directed be kept intact and be named "The Philip and Rosa Teplitz Memorial Fund" with only the income to be paid in accordance with testator's directions.

Testator expressed clearly that only 80 percent of the income of the trust was to go to the home. It was not testator's intention that any part of the principal should be distributed. In its petition, the home asks the court to substitute principal of the trust in place of the income. If this request were to be granted, it would reduce "The Philip and Rosa Teplitz Memorial Fund" from $206,414.50 to $106,414.50.

In these circumstances, the auditing judge does not believe that this case admits of the application of the cy pres doctrine under the provisions of section 6110 of the Probate, Estates and Fiduciaries Code of June 30, 1973, P.L. 508, 20 P.S. §6110. It is urged that the charitable purpose of testator has become ". . . impractical of fulfillment . . ." and that this warrants the court in granting the prayer of the petition. The auditing judge disagrees. The charitable purpose of testator remains clear. The scheme of accumulation of income may be awkward and postpone for years the ultimate effect of the gift, but this is the direction of testator. The provision for the home is further complicated by the tax laws which penalize the accumulation of income for charitable purposes. As to this latter problem, the provisions of the Charitable Instruments Act of 1971 apply. Under section 1 of that Act, the income of the trust would not be subject to tax under section 4942 of the Internal Revenue Code if distributions of income are made each year. The plan of testator is not impossible or impractical of fulfillment. The home is in the midst of

a building program and an award to it of $100,000 of the principal of the trust would be most helpful. But this is not what testator directed. The request may not be allowed. Similar questions have been considered in the following cases: Barnes Estate, 23 Fiduc. Rep. 402, 406 (1973); Mode Estate, 22 Fiduc. Rep. 268-276 (1972); Finley Trust, 22 Fiduc. Rep. 584 (1972).